**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

Lamont James Norwood,

          **Plaintiff,**

       **-vs-**

Lake County Adult Detention Facility,
*et al.*,

          **Defendants.**

Case No. 1:26 cv 65

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION AND
ORDER**

## Background

*Pro se* Plaintiff Lamont James Norwood has filed an *in forma pauperis* prisoner civil rights complaint in this case against the Lake County Adult Detention Facility and its "Health & Mental Health Department." (Doc. No. 1.)  Although his complaint on its face does not allege any specific claim or cause of action, the civil cover sheet he filed with his complaint indicates he alleges violation of his right to be free from cruel and unusual punishment under the Eighth Amendment.  His alleged basis for his complaint is that a corrections officers, not a certified nurse, dispersed medication to him at the Facility.  (Doc. No. 1 at 3, ¶IV.)  He states that when he asked the officer what type of medication she was giving him, the officer stated she had "no clue." (*Id*.)  He states this frightened him and that he is scared to take his medication. (*Id*.)  He also complains he is being denied mental health medication he was prescribed because it is a "when needed" medication. (*Id.* at 4.)  Finally, he states, without further elaboration, that he is being denied access to the law library. (*Id.*)

For relief, he seeks $1,000,000 in damages and for the Lake County Adult Facility to be staffed with certified nurses, a 24-hour nurse station, and open a law library. (*Id*. at 5, ¶ V.)

## Standard of Review and Discussion

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to review under 28 U.S.C. § 1915(e).  That statute requires the Court to review his complaint and to dismiss it before service if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  To survive a dismissal for failure to state a claim, a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 2(b)(6) governs dismissals for failure to state a claim under § 1915(e)).

Further, although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* plaintiff has "limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations" or create claims on their behalf.  *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Upon review, the Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915(e) because, even liberally construed, it fails to state a plausible federal civil rights claim upon which relief may be granted relief.

 To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that he suffered a deprivation of a right secured by the Constitution or laws of the United States by a "person" acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp.*

2

*of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Plaintiff's complaint is insufficient to demonstrate these elements.

First, the only Defendants Plaintiff names in his complaint -- the Lake County Adult Detention Facility and its Health & Mental Health Department -- are not persons subject to suit under § 1983. *See Anderson v. Morgan Cnty. Correctional Complex*, No. 15–6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (upholding *sua sponte* of prisoner complaint on basis that a state prison and prison medical staff that plaintiff sued are not "persons" subject to suit under § 1983).

Second, even if his complaint were construed as brought against a person or state actor subject to suit under § 1983, his allegations are insufficient to demonstrate that he suffered a constitutional deprivation.  Failure to provide adequate medical treatment to a prisoner violates the Eighth Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a plaintiff must demonstrate both that he had a medical condition that posed a "substantial risk of serious harm" to him (the objective component), and, that a prison official acted with deliberate indifference to that risk (the subjective component).  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  But it is well-established that allegations of medical malpractice or negligent diagnosis and treatment fail to state a constitutional deliberate indifference claim.  *Jennings v. Al-Dabagh*, 97 Fed. App'x 548, 549-50 (6th Cir. 2004).  Deliberate indifference "cannot be predicated on negligence, inadvertence, or good faith error."  *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012).  Rather, "to prove the required level of culpability, a plaintiff must show that [a prison] official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of

harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon* Cty., 625 F.3d 935, 941 (6th Cir. 2010).

Here, even accepting that he has a sufficiently serious medical need, Plaintiff's allegations are insufficient to demonstrate that any prison employee or official had the subjective state of mind necessary to demonstrate constitutional deliberate indifference. Plaintiff does not allege facts suggesting that the corrections officer dispensing medication actually administered the wrong medication to him, or, permitting a plausible inference that she did so with subjective awareness that the medication she was dispensing presented a risk of harm to him. Furthermore, courts have routinely held that an inadvertent or negligent administration of medication to a prisoner – even if it did occur -- is insufficient to state a plausible constitutional deliberate indifference claim. *See, e g., Barnett v. Luttrell*, 414 F. App'x 784, 790 (6th Cir. 2011) ("Barnett alleges no facts suggesting that Terrie's incorrect administration of Dilantin was anything other than negligent. It thus constituted medical malpractice at most and cannot constitute an Eighth–Amendment violation"); *Jones v. Carr*, No. 1:25-cv-728, 2025 WL 2044151, at *5 (W.D. Mich. July 21, 2025) (finding no Eighth Amendment claim where "nothing in Plaintiff's recitation of facts" plausibly suggested that the administration of the wrong medication to him "was anything but inadvertent error").

The Court finds that Plaintiff's complaints as to the administration of his medicine and staffing, at most, suggest negligence and dissatisfication with the level of medical treatment he is being provided. Such complaints are insufficient to state a plausible constitutional Eighth Amendment deliberate indifference claim. A prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *Mason v. Eddy*, No.1:18-cv-2968, 2019 WL 3766804, at *9 (N.D. Ohio Aug. 9, 2019).

Plaintiff's complaint also fails to allege a plausible constitutional claim to the extent he complains he lacks access to a law library. Although prisoners have a right under the First Amendment of access to the courts, including right of access to legal resources and materials, that right is not unlimited. To state a First Amendment access-to-the-courts claim, a prisoner must demonstrate he suffered actual injury. He must demonstrate that the shortcomings he alleges with respect to his access to legal materials actually hindered his efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 348-51 (1996); *see also Hadix v. Johnson*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which . . . cannot be shown 'simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.'") (quoting *Lewis*, 518 U.S. at 351).

Plaintiff's complaint fails to allege a plausible First Amendment access-to-the-court claim because he fails to plead facts plausibly suggesting that his lack of access to the law library hindered his efforts to pursue a non-frivolous legal claim.

### Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the foregoing reasons, his complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

PAMELA A. BARKER
Date: April 15, 2026        U. S. DISTRICT JUDGE